# CV 14     5658

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

DAPREE PETERSON,

                                        Plaintiff,

        -against-

CITY OF NEW YORK, KEVIN GILKES, Individually,
LOUIS PINTO, JR, Individually, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded

ORENSTEIN, M.J.

        Plaintiff DAPREE PETERSON, by his attorneys, Leventhal & Klein, LLP, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## **VENUE**

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff DAPREE PETERSON is a twenty-two year old resident of Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Department of Corrections (hereinafter referred to as "DOC"), a duly authorized public authority and/or correction department, authorized to perform all functions of a correction department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, KEVIN GILKES, LOUIS PINTO, JR, and JOHN and JANE DOE 1 through 10, were duly sworn correction officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

2

## FACTS

12.     On December 3, 2011, at approximately 1:30 to 2:20 p.m., plaintiff DAPREE PETERSON was present inside pen # 04, located in the main intake area of Otis Bantam Correctional Center (hereinafter "OBCC"), located at 16-00 Hazen Street, East Elmhurst, New York, when he was unjustifiably punched in the face by defendant New York Department of Correction ("DOC") officer KEVIN GILKES, while defendant officer LOUIS PINTO, JR stood by and watched.

13.     When GILKES punched plaintiff, plaintiff was standing facing a wall, with his hands on the wall, and was not acting in a threatening manner, attempting to escape, or otherwise engaging in any conduct meriting GILKES' use of force.

14.     As a result of defendant GILKES' unjustified use of force, plaintiff sustained a laceration to his lip, requiring stitches, and experienced pain and swelling.

15.     As a result of the injuries sustained by plaintiff, an investigation was initiated to determine whether the force used by GILKES was proper.

16.     Defendant GILKES and PINTO provided false statements during the investigation claiming that plaintiff had attempted to assault GILKES.

17.     As a result of GILKES' and PINTO's false statements, plaintiff was placed in a segregated housing unit from December 12, 2011 through December 29, 2011 and administratively charged with attempted assault.

18.     The attempted assault charges were dismissed after an internal investigation by DOC, resulting in plaintiff being cleared of the false charges, and causing plaintiff's release from the segregated housing unit.

19.     All of the above occurred as a direct result of the unconstitutional policies,

3

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; employing improper uses of force, and pursuant to customs or practices of falsification.

20.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the DOC's Inspector General and/or other authorized investigative bodies) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force and engage in a practice of falsification.

21.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

22.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as correction officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

23.     As a result of the foregoing, plaintiff DAPREE PETERSON sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

24.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

4

paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

26.   All of the aforementioned acts deprived plaintiff DAPREE PETERSON of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

27.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, with the entire actual and/or apparent authority attendant thereto.

28.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as correction officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the DOC, all under the supervision of ranking officers of said department.

29.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

30.   As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

31.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     The level of force employed by defendant GILKES was excessive, objectively unreasonable and otherwise in violation of plaintiff DAPREE PETERSON'S constitutional rights.

33.     As a result of the aforementioned conduct of defendant GILKES, plaintiff DAPREE PETERSON was subjected to excessive force and sustained physical injuries and emotional distress.

34.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     Defendant PINTO had an affirmative duty to intervene on behalf of plaintiff DAPREE PETERSON, whose constitutional rights were being violated in their presence by other officers.

37.     Defendant PINTO failed to intervene to prevent the unlawful conduct described herein.

38.     As a result of the foregoing, plaintiff DAPREE PETERSON was subjected to

6

excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

39.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants GILKES and PINTO created false evidence against plaintiff DAPREE PETERSON.

42.     Defendants GILKES and PINTO utilized this false evidence against plaintiff DAPREE PETERSON in legal proceedings.

43.     As a result of defendants' creation and use of false evidence, plaintiff DAPREE PETERSON suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

44.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

7

46.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff DAPREE PETERSON.

47.     Defendants caused plaintiff DAPREE PETERSON to be prosecuted without any probable cause until the charges were dismissed.

48.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

51.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants, collectively and individually, while acting under color of state law,

8

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of the DOC included, but were not limited to, using excessive force against individuals and then covering up said acts by manufacturing evidence and otherwise engaging in falsification, thereby depriving individuals of their right to a fair trial. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff DAPREE PETERSON'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

55.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the DOC constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff DAPREE PETERSON.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the DOC were the direct and proximate cause of the constitutional violations suffered by plaintiff DAPREE PETERSON as alleged herein.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the DOC were the moving force behind the Constitutional violations suffered by plaintiff DAPREE PETERSON as alleged herein.

58.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the DOC, plaintiff DAPREE PETERSON was unlawfully

9

seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

59.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff DAPREE PETERSON'S constitutional rights.

60.     All of the foregoing acts by defendants deprived plaintiff DAPREE PETERSON of federally protected rights, including, but not limited to, the right:

      A.     To be free from excessive force;

      B.     To be free from the failure to intervene;

      C.     To be free from the deprivation of his right to fair trial; and

      D.     To be free from malicious prosecution.

61.     As a result of the foregoing, plaintiff DAPREE PETERSON is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

10

**WHEREFORE**, plaintiff DAPREE PETERSON demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       September 26, 2014

                    LEVENTHAL & KLEIN, LLP
                    Attorneys for Plaintiff DAPREE PETERSON
                    45 Main Street, Suite 230
                    Brooklyn, New York 11201
                    (718) 722-4100

                    By:     _____
                            BRETT H. KLEIN (BK4744)
                            JASON LEVENTHAL (JL1067)